IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Case No. 25 CR 00634 |
| | ) | |
| v. | ) | |
| | ) | |
| COLE SHERIDAN, | ) | Chicago, Illinois |
| | ) | October 10, 2025 |
| Defendant. | ) | 12:50 p.m. |

TRANSCRIPT OF PROCEEDINGS - PRELIMINARY EXAMINATION
BEFORE THE HONORABLE HEATHER K. McSHAIN, MAGISTRATE JUDGE

APPEARANCES:

For the Government:     MR. ANDREW S. BOUTROS
UNITED STATES ATTORNEY
BY:   MR. WILLIAM R. HOGAN, JR.
219 S. Dearborn Street, 5th Floor
Chicago, Illinois 60604


For the Defendant:     FEDERAL DEFENDER PROGRAM
BY:    MR. BENJAMIN HORWITZ
55 E. Monroe Street, Suite 2800
Chicago, Illinois 60603


FAILURE TO SPEAK DIRECTLY INTO MICROPHONE
RESULTS IN INAUDIBLE PROCEEDINGS AS NOTED.

Transcriber:     KRISTEN J. CARANNANTE, RPR, RMR, FCRR
Court Reporter
10 Montgomery Place, #1D
Brooklyn, New York 11215
848.459.3124
kjcarannante@gmail.com

\* \* \* \* \*

PROCEEDINGS RECORDED BY ELECTRONIC SOUND RECORDING
TRANSCRIPT PRODUCED USING COMPUTER-AIDED TRANSCRIPTION

(Proceedings heard in open court:)

THE CLERK:   The United States District Court for the Northern District of Illinois is now in session.  The Honorable Heather K. McShain now presiding.

Case No. 25CR634, U.S.A. v. Cole Sheridan, for continued preliminary examination.

THE COURT:   Good afternoon, counsel.  Please state your appearance, beginning with the government.

MR. HOGAN:   Good afternoon, your Honor.  William Hogan, on behalf of the United States.

THE COURT:   Thank you.

On behalf of the defendant, please.

MR. HORWITZ:   Good afternoon, Judge.  Ben Horwitz, H-O-R-W-I-T-Z, on behalf of Mr. Sheridan, who I believe is on the line.

THE COURT:   Thank you.

Mr. Sheridan, we had waived your appearance, but I set this telephonic -- or set the ruling to be by telephone to save you a trip down here.  If you are on the line, you can state your appearance.

THE DEFENDANT:   I am here, your Honor.

THE COURT:   Thank you, Mr. Sheridan.

So we are here for a ruling on the preliminary examination, and I am going to put my ruling on the record at this point.

So the purpose of a preliminary hearing is to determine if the Court has produced -- I'm sorry, the government has produced sufficient evidence to establish probable cause to support the charge in the complaint and therefore hold the defendant over to the grand jury.

At a preliminary hearing, pursuant to Federal Rule of Criminal Procedure 5.1, all reasonable inferences must be drawn in favor of the prosecution, and it is generally inappropriate for the magistrate judge to make credibility determinations which fall within the province of the jury as the trier of fact.

I turn to the elements. The defendant is charged in this criminal complaint with violating 18 U.S.C. § 111(a)(1), and the government charged this as a felony. And the elements of a violation of 18 U.S.C. § 111(a)(1) are as follows, according to the Seventh Circuit criminal pattern instructions, jury instructions. The defendant -- these are the elements:

The defendant forcibly assaulted, resisted, opposed, impeded, or interfered with a federal officer; and the defendant did so while the federal officer was engaged in the federal officer's federal duties; and the defendant's acts involved physical contact with a federal officer.

Also drawing from the pattern jury instructions, "assault" means "to intentionally afflict, attempt to inflict, or threaten to inflict bodily injury upon another person with

the apparent and present ability to cause such injury that creates in the victim a reasonable fear or apprehension of bodily harm. An assault may be committed without actually touching, striking, or injuring the other person."

The pattern jury instructions also provide a definition for "forcibly." "Forcibly" means "by use of force." Physical force is sufficient, but actual physical contact is not required. A person also acts forcibly if he threatens or attempts to inflict bodily harm upon another with the present ability to inflict bodily harm.

And I also note the "knowingly" instruction that the defense raised yesterday, which is Pattern Instruction 4.10, drawing from *United States v. Graham*, which is a Seventh Circuit case from 2005, which dealt with a violation of 18 U.S.C. Section 111(a)(1). And drawing on that definition, again, from the pattern instructions, a person acts knowingly if he realizes what he is doing and is aware of the nature of his conduct and does not act through ignorance, mistake, or accident.

This entire case boils down to paragraph 13 and two -- I think, actually, two words within paragraph 13 of the complaint, and those two words, as well as what is not visible for approximately two seconds on the second video that was shown yesterday when it is alleged, as stated in paragraph 13, that the defendant quote/unquote "pushed back" on Bovino. I

find on this record before the Court that the government has not met its burden as to assault.

However, the original essential elements that the government must prove for purposes of the preliminary examination are forcible performance of any of the remaining four prescribed actions that are set out in 18 U.S.C. § 111(a) as charged in the complaint. So that means resisted, opposed, impeded, or interfered, along with the resulting physical contact.

Without video of the actual physical exchange in the approximately two seconds of video, there is only the evidence of the hearsay statements of Bovino and Epperson, which are admissible at a preliminary examination.

On this record before the Court, the Court finds that the government has met its very low burden and presented sufficient evidence to establish probable cause as to forcibly resisting, opposing, impeding, or interfering. To be clear, this finding is in no way a rejection or dismissal of the appropriate and important points argued by the defense yesterday. The credibility determinations and questions of fact are issues for the jury and not the magistrate judge in a preliminary examination under the applicable standards.

Anything further from the government, Mr. Hogan?

MR. HOGAN: No, your Honor.

THE COURT: Anything further from the defense,

Mr. Horwitz.

MR. HORWITZ:    No, Judge.

THE COURT:    Thank you.  We are adjourned.

THE DEFENDANT:    Thank you.

(Concluded at 12:56 p.m.)

* * * * *

I certify that the foregoing is a correct transcript of the digital recording of proceedings in the above-entitled matter to the best of my ability, given the limitations of using a digital recording system.


*/s/ Kristen J. Carannante*
October 19, 2025
Kristen J. Carannante, RPR, RMR, FCRR
Court Reporter/Transcriber